UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:19-cr-00179-GZS |
| FRANK LYNCH, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Sealed Motion for Compassionate Release (ECF No. 59). Having reviewed the Motion, along with the Government's Sealed Response (ECF No. 64) and the entire docket, the Court DENIES Defendant's Motion.[1]

### I.   LEGAL STANDARD

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate."  United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

---

[1] The Court notes that it has previously ordered the briefing and exhibits associated with the pending Motion sealed as they contain multiple references to a minor child of Defendant and to ongoing custody proceedings involving that child.  In order to offer public access to this decision, the Court avoids identifying the child or disclosing details about the underlying custody proceedings.

In addition, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). To date, however, the Sentencing Commission has not issued a policy statement applicable to prisoner-initiated motions for compassionate release. See United States v. Ruvalcaba, --- F.4th ---, 2022 WL 468925, at *5 (1st Cir. Feb. 15, 2022). The Commission's current policy statement, U.S.S.G. § 1B1.13, is applicable "only to motions brought by the BOP." Id. "As a general matter, a district court, reviewing a prisoner-initiated motion for compassionate release in the absence of an applicable policy statement, may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." Id. at *12. But, U.S.S.G. § 1B1.13 "nonetheless may serve as a non-binding reference." Id. at *7.

Finally, the Court must consider any applicable factors found in 18 U.S.C. § 3553(a), and "determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case." Id. at *3 (cleaned up); see also 18 U.S.C. § 3582(c)(1)(A). "[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release." United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022); see also, e.g., United States v. Thurlow, No. 2:16-cr-00053-DBH, 2021 WL 5921368, at *2–3 (D. Me. Dec. 15, 2021) (denying compassionate release based on section 3553(a) factors despite finding that the death of the defendant's minor children's caregiver constituted an extraordinary and compelling reason).

**II.     DISCUSSION**

Defendant James Lynch, now age 36, has served approximately two-thirds of his 60-month sentence imposed in February 2020 for distribution of fentanyl. He is currently serving his sentence at FCI Allenwood Low and has a projected release date of July 4, 2023.

As an "extraordinary and compelling reason[]" warranting a sentence reduction, Defendant points to the State of Maine's removal of his minor child from the custody of the child's mother. Last fall, a Maine state court granted the State temporary custody of this child pending resolution of a final motion to transfer custody permanently to the State. Defendant claims that, if granted compassionate release, he would take responsibility for caring for the child. (See Mot. (ECF No. 59), PageID # 116.)

Among the illustrative "extraordinary and compelling reasons" to grant compassionate release, the commentary to U.S.S.G. § 1B1.13 includes "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C)(i). The Court considers this circumstance to be a "non-binding" reference to guide its application of 18 U.S.C. § 3582(c)(1)(A)(i) in this case. Ruvalcaba, 2022 WL 468925, at *7; cf. Thurlow, 2021 WL 5921368, at *1–2; United States v. Greene, 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020). Nevertheless, the Court concludes that Defendant has not shown that he could take over B.W.'s care if released, and thus has not established extraordinary and compelling reasons warranting compassionate release.

A successful motion for compassionate release based on the incapacity of a minor child's caregiver implicitly requires that the defendant himself can "serve as a caretaker" instead. United States v. Goldberg, 1:12-cr-00180-BAH, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020). For the incapacity of a minor child's caretaker to justify releasing a defendant from confinement, it stands to reason that he must be in a position to provide care for the child on his own, in lieu of the incapacitated caretaker. A number of courts reviewing prisoner-initiated motions for compassionate release have reached a similar conclusion. See, e.g., id.; United States v. Ramos, No. CR12-4101-LTS, 2021 WL 4507464, at *5 (N.D. Iowa Oct. 1, 2021); United States v.

Johnson, No. 1:15-cr-00059-NONE, 2020 WL 6075867, at *5 (E.D. Cal. Oct. 15, 2020); United States v. Paul, 3:18-cr-00227, 2020 WL 5807343, at *2 (S.D. W. Va. Sept. 25, 2020); United States v. Reeves, 3:18-cr-0313-B-2, 2020 WL 5094825, at *3 (N.D. Tex. Aug. 28, 2020); Greene, 2020 WL 4475892, at *5; United States v. Shine, 3:14-cr-0451-B-5, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020). Furthermore, this conclusion is consistent with the Bureau of Prison's own policy on governing motions for compassionate release. See Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (Jan. 17, 2019).

      Defendant has not made the requisite showing of an ability to care for his child here. Indeed, the information before the Court strongly suggests that he is not in a position to do so. When he was interviewed by the U.S. Probation Office prior to sentencing, Defendant stated that he had cared for this child for one year. (See PSR at 13.) Thereafter, however, he stated that he had not seen the child for at least a month before the PSR was prepared. (See id.) There is no indication before the Court that Defendant resumed a relationship with the child between the PSR's preparation and his incarceration. A letter from a Department of Health and Human Services ("DHHS") representative, submitted as an exhibit to the Government's Response, suggests that Defendant has not since resumed an active relationship with the child in the intervening time. (See Sealed Gov. Ex. 2 (ECF No. 64-2), PageID # 154.)

      Beyond the apparent lack of a parent-child relationship, the ongoing state-court proceedings over custody of Defendant's child cast serious doubt on Defendant's likelihood of securing custody if released from imprisonment. The DHHS representative states that her department will oppose any attempt by Defendant to obtain custody of the child. (See id., PageID # 154.) Her letter cites Defendant's failure to attempt to establish a connection with the child or

to stay abreast of developments in his custodial proceedings, Defendant's criminal history and struggles with substance abuse and domestic violence, and concerns about Defendant's mental health. (See id.) Defendant has not offered evidence to rebut or counteract the DHHS representative's assertions.

The Court takes no position on Defendant's fitness as a parent, nor on what the state court's ultimate disposition regarding custody of the child will or should be. However, Defendant bears the burden of establishing an extraordinary and compelling reason warranting a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A)(i); Ruvalcaba, 2022 WL 468925, at *3. Taken together, the custody proceedings in state court, the DHHS's position on those proceedings, and Defendant's failure to put forward evidence rebutting or clarifying the State's claims about his parental fitness show that he has not carried that burden.

Even if the Court found that Defendant had offered an extraordinary and compelling reason for compassionate release, its consideration of the sentencing factors listed at 18 U.S.C. § 3553(a) provides an independent basis to deny this request for a sentence reduction. Specifically, the Court concludes that there remains a need "to protect the public from further crimes" by Defendant. 18 U.S.C. § 3553(a)(2)(C). His PSR details a years-long history of violent and drug-related criminal activity. Distribution of fentanyl, the offense for which Defendant is currently serving a term of incarceration, has wrought havoc on communities in Maine and beyond. Indeed, the very conduct that resulted in Defendant's current imprisonment also regrettably resulted in the death of a young man. For these reasons, in addition to its consideration of the other section 3553(a) factors, the Court concludes that it would be inappropriate to reduce Defendant's sentence at this time.

In light of Defendant's failure to establish extraordinary and compelling reasons, as well as the Court's consideration of the applicable section 3553(a) factors, Defendant's pending Motion (ECF No. 59) is hereby DENIED.

SO ORDERED.

                                                              /s/ George Z. Singal  
                                                            United States District Judge

Dated this 8th day of March, 2022.